1  ROGERS JOSEPH O'DONNELL
   Gayle M. Athanacio (State Bar No. 130068)
2  gathanacio@rjo.com
   Cody A. DeCamp (State Bar No. 311327)
3  cdecamp@rjo.com
   311 California Street
4  San Francisco, California 94104
   Telephone: 415.956.2828
5  Facsimile: 415.956.6457

6  Attorneys for Defendant
   COSTCO WHOLESALE
7  CORPORATION

8

9
                        UNITED STATES DISTRICT COURT
10
                       CENTRAL DISTRICT OF CALIFORNIA
11

12 | NIR COHEN, individually and on behalf of all others similarly situated, | Case No.
13 | | [Removed from Los Angeles Superior Court, Case No. 20STCV49155]
   | Plaintiff, |
14 | |
   | vs. | **CLASS ACTION**
15 | |
   | COSTCO WHOLESALE CORPORATION, a Washington corporation; ROWLAND AIR, INC., a California corporation; and DOES 1 through 100, inclusive, | **DEFENDANT COSTCO WHOLESALE CORPORATION'S NOTICE OF REMOVAL**
16 | |
17 | |
   | | Date of first filing: December 24, 2020
18 | |
   | Defendants. |
19

20

21

22

23

24

25

26

27

28

---

DEFENDANT COSTCO WHOLESALE CORPORATION'S NOTICE OF REMOVAL – Case No.

525285.1

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1332, 1446 and 1453, Defendant Costco Wholesale Corporation ("Defendant" or "Costco") hereby removes the above-captioned action from the Superior Court of the State of California, County of Los Angeles, to the United States District Court for the Central District of California.

Defendant appears for the purpose of removal only, reserves all rights, claims and defenses of any nature whatsoever, and expressly denies that it is liable to the plaintiff or any members of the purported putative class, as defined in the Complaint, for any damages, restitution, or other relief. Defendant states that removal is proper and appropriate on the following grounds:

## **THE COMPLAINT**

1. On December 24, 2020, an action was commenced with the Superior Court of the State of California for the County of Los Angeles, entitled *Nir Cohen, individually and on behalf of all others similarly situated, v. Costco Wholesale Corporation, et al.*, Case No. 20STCV49155. A true and correct copy of the Complaint is attached as **Exhibit B** to the Appendix of State Court Pleadings in Support of Defendant's Notice of Removal ("Appendix") filed concurrently herewith.

2. The Complaint alleges three causes of action against Defendants Costco and Rowland Air, Inc. ("Rowland Air"):

   a. Violation of California Business and Professions Code, Section 7031(b);

   b. Unfair Business Practices Pursuant to California Business and Professions Code, Section 17200, *et seq.*; and

   c. False and Misleading Advertising Pursuant to California Business and Professions Code, Section 17500, *et seq.*

Appendix Ex. B, Complaint, ¶¶ 21–34.

///

Page 1

DEFENDANT COSTCO WHOLESALE CORPORATION'S NOTICE OF REMOVAL – Case No.

525285.1

3. Plaintiff brings this action as a putative class action and seeks to represent the following class:

> All individuals within the State of California who paid Costco for services that Costco had advertised, offered and/or performed in the capacity of a contractor during the time when Costco did not have an active and valid contractor license pursuant to the Contractors' State License Law of California Business and Professions Code, Section 7000 and seq. (sic)

Appendix Ex. B., Complaint, ¶ 13.

## REMOVAL IS APPROPRIATE AND TIMELY

4. On December 30, 2020, Plaintiff served Costco with a copy of the Summons and Complaint. This Notice of Removal is timely filed within thirty (30) days of service of the Complaint, in accordance with 28 U.S.C. § 1446(b).

5. Rowland Air's consent is not required for the removal of this action, as "[a] class action may be removed to a district court of the United States in accordance with section 1446 […], without regard to whether any defendant is a citizen of the State in which the action is brought, except that such action may be removed by any defendant without the consent of all defendants." 28 U.S.C. § 1453(b); *see also Westwood Apex v. Contreras*, 644 F.3d 799, 801 (9th Cir. 2011) ("The Class Action Fairness Act of 2005 (CAFA), Pub.L. No. 109–2, 119 Stat. 4, confers federal jurisdiction over class action lawsuits where the amount in controversy exceeds $5,000,000 and the adversaries are minimally diverse. When a class action satisfying these conditions is filed in state court, Section 5 of CAFA provides that 'such action may be removed by any defendant without the consent of all defendants.' 28 U.S.C. § 1453(b).").

///
///

## THIS COURT HAS JURISDICTION UNDER CAFA

6. Costco denies any liability in this case, both as to Plaintiff's individual claims, and as to Plaintiff's putative class claims. Costco expressly reserves all rights to move to contest the merits of all claims asserted in the Complaint and to oppose any motion for class certification. However, for purposes of the jurisdictional requirements for removal only, the Court has original jurisdiction over these proceedings pursuant to the Class Action Fairness Act ("CAFA") on the grounds that:

   a. The putative class consists of at least 100 individuals;

   b. At least one member of the putative class is a citizen of a state or foreign state that is different from the citizenship of a Defendant; and

   c. The amount in controversy in this matter exceeds $5,000,000, exclusive of interests and costs.

*See* 28 U.S.C. § 1332(d)(2), (d)(5).

7. CAFA defines "class action" as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B).

8. Plaintiff filed his Complaint under Section 382 of the California Code of Civil Procedure. Appendix Ex. B, Complaint, ¶ 14. Section 382 authorizes one or more individuals to sue "for the benefit of all" when "the question is one of a common or general interest, of many persons, or when the parties are numerous, and it is impracticable to bring them all before the court." Cal. Code Civ. Proc. § 382. Accordingly, this action is a "class action" within the meaning of CAFA.

///

///

Page 3

DEFENDANT COSTCO WHOLESALE CORPORATION'S NOTICE OF REMOVAL – Case No.

525285.1

## THE COMPLAINT IDENTIFIES MORE THAN 100 PUTATIVE CLASS MEMBERS

9. The Complaint alleges that the number of putative class members is so numerous that joinder of all members of the Class is "impracticable, if not impossible." Appendix Ex. B, Complaint, ¶ 14a.

10. Plaintiff seeks to represent "[a]ll individuals within the State of California who paid Costco for services that Costco had advertised, offered and/or performed in the capacity of a contractor during the time when Costco did not have an active and valid contractor license pursuant to the Contractors' State License Law of California Business and Professions Code, Section 700 and seq. (sic)." *Id.* ¶ 13.

11. Plaintiff alleges that on November 12, 2020, he responded to Costco's offer for home improvement work. *Id.*, ¶ 3. Plaintiff further contends that Costco was unlicensed when the home improvement work was performed. *Id.*, ¶ 5. A review of Costco's business records reflects that the home improvement work on Plaintiff's property was performed on December 8, 2020. *See* Declaration of William Prescott ("Prescott Decl."), ¶ 6. While Costco denies Plaintiff's allegations that it did not have a valid contractor license, presuming only for the purposes of removal that Costco was unlicensed during this timeframe, Costco received payment for contracting services from 2,061 individuals within the state of California. *See* Prescott Decl., ¶ 8. Accordingly, the CAFA requirement of at least 100 putative class members is met.

## COSTCO AND PLAINTIFF ARE NOT CITIZENS OF THE SAME STATE

12. Under CAFA, diversity of citizenship exists when "any member of a class of plaintiffs is a citizen of a State different from any defendant[.]" 28 U.S.C. § 1332(d)(2)(A).

///

DEFENDANT COSTCO WHOLESALE CORPORATION'S NOTICE OF REMOVAL – Case No.
525285.1

13. Plaintiff alleges that he is a resident of Los Angeles, California, and contracted with Costco to replace his existing air conditioning and heating system on his property. Appendix Ex. B., Complaint, ¶¶ 3, 7. A person is a citizen of the state in which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). Under CAFA, a removing party may make allegations of plaintiff's citizenship on information and belief, without the need for evidentiary submissions to verify any such allegations. *Ehrman v. Cox Comm'ns, Inc.*, 932 F.3d 1223, 1227 (9th Cir. 2019). As such, based on Plaintiff's allegations that he resides in California and had home improvement work done on his property in Los Angeles County, Costco is informed and believes, and on that basis alleges, that Cohen is a citizen of California, the state in which he resides, for purposes of removal under CAFA.

14. A corporation is a citizen of the state of its incorporation and the state of its principal place of business. 28 U.S.C. § 1332(c)(1). A corporation's principal place of business is "the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010). The principal place of business "should normally be the place where the corporation maintains its headquarters[.]" *Id.* at 93. Under this framework, Costco is a citizen of Washington, not California. Costco is, and was at the time of the filing of this action, a corporation organized and existing under the laws of the State of Washington, with its principal place of business in the State of Washington. *See* Prescott Dec. ¶ 2. Costco maintains its Corporate headquarters in Issaquah, Washington, and the business affairs of Costco are controlled and directed from that location. *See id.* Costco is therefore a citizen of Washington.

15. Plaintiff alleges, on information and belief, that "Costco was a Washington corporation with its <u>primary</u> place of business in the County of Los Angeles" at the time the Complaint was filed. Appendix Ex. B, Complaint, ¶ 8 (emphasis added). Plaintiff does not allege what is Costco's <u>principal</u> place of

business, the relevant standard for determining citizen of a corporation. Plaintiff's vague and conclusory allegation regarding Costco's "primary" place of business is insufficient, particularly where, as here, Costco has submitted a declaration attesting to its true citizenship and principal place of business. *See Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011) ("[W]e may not assume the truth of allegations in a pleading which are contradicted by affidavit[.]"); *Tan v. Quick Box, LLC*, No. 3:20-CV-01082-H-DEB, 2020 WL 7226440, at *13 (S.D. Cal. Dec. 8, 2020); *North v. Samsung SDI Am., Inc.*, No. 5:19-CV-05621-EJD, 2020 WL 1984020, at *4 (N.D. Cal. Apr. 27, 2020).

16. Thus, this Court's exercise of jurisdiction under CAFA is warranted: Defendant Costco is a citizen of Washington, whereas Plaintiff is a citizen of California. *See* 28 U.S.C. 1332(d)(2)(A). The minimal diversity requirement of CAFA has been met.

## THE AMOUNT IN CONTROVERSY EXCEEDS $5 MILLION

17. This Court also has jurisdiction because the amount in controversy in this matter is greater than $5,000,000. Under CAFA, "the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(6). Defendant's amount in controversy allegation should be accepted unless it is challenged by the plaintiff or the Court. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014). Where a defendant's amount in controversy allegations are challenged, removal is nonetheless proper where the Defendant establishes "by the preponderance of the evidence, that the amount in controversy exceeds" the jurisdictional threshold. 28 U.S.C. § 1446; *Dart Cherokee*, 574 U.S. at 88.

18. Under the preponderance of the evidence standard, the Court must determine whether it is "more likely than not" that the amount in controversy exceeds $5,000,000. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th

Cir. 1996).  When measuring the amount in controversy, "a court must 'assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint.'"  *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002).  The ultimate inquiry is what amount is put "in controversy" by the plaintiff's complaint, not what a defendant will actually owe.  *Rippee v. Boston Market Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005); *see also, Lewis v. Verizon Comm'ns., Inc.*, 627 F.3d 395 400 (9th Cir. 2010) ("[t]he amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability.")

19.   In his Complaint, Plaintiff seeks to represent a class of "all individuals within the State of California who paid Costco for services that Costco had advertised, offered and/or performed in the capacity of a contractor during the time when Costco did not have an active and valid contractor license." Appendix Ex. B., Complaint, ¶ 13.

20.   In his first cause of action in the Complaint for Recovery Pursuant to Cal. Bus. & Prof. Code Section 7031(b), Plaintiff seeks the return of all money that he, and the allegedly similarly situated class he seeks to represent, paid Costco for construction and home improvement contracting services work when Costco purportedly did not have a valid contractor license.  *Id.,* ¶¶ 22–24.  Under Cal. Bus. & Prof. Code section 7031(b), a person who utilized the services of an unlicensed contractor may bring an action to recover the compensation paid to that unlicensed contractor.

21.   The Complaint alleges that Plaintiff ordered contracting services from Costco on or about November 12, 2020.  Appendix Ex. B, ¶ 3.  Plaintiff further alleges, on information and belief, that "at the time he utilized the services of Costco for performance of the Contract, Costco was engaged in the business and acted in the capacity of a general contractor within the State of California without having a valid license..." *Id.*, ¶ 5.

22. Costco's business records indicate that the work for which he paid Costco was performed on December 8, 2020. Prescott Decl., ¶ 5. Between November 12, 2020, when Plaintiff alleges he entered into the Contract with Costco, and December 8, 2020, when Plaintiff claims that Costco performed the contracted work without a license (Appendix Ex. B, Complaint, ¶5), Costco was paid $26,595,264 by the individuals Plaintiff seeks to represent. Prescott Decl., ¶ 8. Thus, while Costco denies Plaintiff's allegations that it did not have a valid contractor license, presuming only for the purposes of removal that Costco was unlicensed during this timeframe, the amount in controversy is well in excess of the $5,000,000 jurisdictional limit identified in CAFA.

23. Plaintiff's allegations in his Complaint place more than the requisite $5,000,000 in controversy, thus satisfying the jurisdictional amount in controversy requirement under CAFA. Accordingly, removal to this Court is proper.

**PLAINTIFF CANNOT SHOW THAT ANY CAFA EXCEPTION APPLIES**

24. Once a defendant demonstrates that minimal diversity exists and that it is more likely than not that the amount in controversy exceeds $5,000,000, the burden of proving that one of CAFA's exceptions applies rests with the party asserting the exception. *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1021–24 (9th Cir. 2007). No exception applies here, and, as such, this Court has jurisdiction.

**VENUE IS PROPER IN THE CENTRAL DISTRICT**

25. Because the Complaint was filed and is currently pending in the Superior Court of California for the County of Los Angeles, the Central District of California is the proper venue for this action upon removal pursuant to 28 U.S.C. § 1441(a).

///

///

///

## REMOVAL PROCEDURE

26. Pursuant to 28 U.S.C. § 1446(a), copies of all process and pleadings filed in the State Court action and served on Defendant are attached to the Appendix of State Court Pleadings, filed concurrently herewith.

27. Defendant will promptly serve written notice of the removal of this action upon Plaintiff and will file such notice with the Clerk of the Superior Court of the State of California, County of Los Angeles, as required by 28 U.S.C. § 1446(d).

## CONCLUSION

28. WHEREFORE, Costco hereby removes this matter from the Superior Court of the State of California, County of Los Angeles, to the United Stated District Court for the Central District of California.

Dated: January 29, 2021            ROGERS JOSEPH O'DONNELL

By:  /s/ Gayle M. Athanacio
    GAYLE M. ATHANACIO
    CODY A. DeCAMP

    Attorneys for Defendant
    COSTCO WHOLESALE CORPORATION